[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11163
Non-Argument Calendar

_____

BIA Agency Nos.
A95-895-534
A95-895-535

FENG ZHU LUI,
CHANG RONG LUI,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 1, 2005)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Feng Zhu Lui ("Feng"), and her husband, Chang Rong Lui ("Chang") (collectively referred to as "Petitioners"), proceeding *pro se*, seek review of the Board of Immigration Appeals' ("BIA's") decision affirming the immigration judge's ("IJ's") order denying their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT relief"). On appeal, the Petitioners argue that if they are returned to China they will be forcibly sterilized under the Chinese family planning policy because they have three children. They contend that they will be subjected to high fines, detention, torture, forced hard labor, and imprisonment. They assert that they will be tortured upon return to China because they left illegally. They claim past persecution and a well-founded fear of future persecution based on Feng's forced abortion in China. In response, the Attorney General argues that we lack jurisdiction to review the BIA's decision finding the asylum application untimely.

I.

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citations and quotation marks omitted). An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." INA

2

§ 208(a)(2)(B); 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered . . . if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." 8 U.S.C. § 1158(a)(2)(D). The determination of whether an alien can apply for asylum, however, is left exclusively to the Attorney General, and "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding the timeliness of the asylum application. 8 U.S.C. § 1158(a)(3). Section 106(a)(1)(A)(iii) of the REAL ID Act amends 8 U.S.C. § 1252 by adding a new provision, § 1252(a)(2)(D), which provides in pertinent part:

> (D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.--Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a), 119 Stat. 231, 310.

We have recently held that "[t]he timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes." *Chacon-Botero v. U.S. Att'y Gen.*, No. 04-16422, manuscript op. at 8 (11th Cir. Oct. 6, 2005). Section 1158(a)(3) still "divests our Court of jurisdiction to review

3

a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." *Id.*

After reviewing the record, we conclude that we do not have jurisdiction to review the BIA's decision regarding whether the Petitioners complied with the one-year time limit or established extraordinary circumstances that would excuse their untimely filing. Accordingly, we dismiss the petition as to any asylum claim.

II.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA issued its own decision in this case, we review the BIA's decision. To the extent that the BIA's decision was based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar*, 257 F.3d at 1283-84 (citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that

4

the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim).

To qualify for withholding of removal under the INA, an alien must show that it is more likely than not that if returned to his or her country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza*, 327 F.3d at 1287. An alien must demonstrate some nexus between the alleged persecution or fear of persecution and one of the five protected grounds. *See Perlera-Escobar v. Executive Office for Immigration*, 894 F.2d 1292, 1297 (11th Cir. 1990) ("Even a clear probability that an alien's life is threatened without any indication that the basis of the threat is related to a statutorily enumerated ground is insufficient to establish eligibility for relief.").

An alien who has not shown past persecution may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country. 8 C.F.R. § 208.16(b)(2). To establish a "well-founded fear," "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289 (discussing well-founded fear as it applies to asylum).

5

To obtain withholding of removal under the CAT's implementing regulations, an alien must establish that he "more likely than not" will be tortured upon his return to his home country. 8 C.F.R. § 208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

*Id.* § 208.18(a)(1).

Uncorroborated but credible testimony from the applicant may be sufficient alone to sustain the burden of proof for withholding of removal. 8 C.F.R. § 208.16(b). The weaker the applicant's testimony, however, the greater the need for corroborative evidence. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). The BIA's credibility determinations are also reviewed under the substantial evidence test. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). The BIA must provide "specific, cogent reasons" for its adverse credibility finding, and those reasons must be supported by substantial evidence. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). Although "an adverse credibility determination does not alleviate the IJ's duty to consider other

6

evidence produced by an asylum applicant[,] . . . [i]f the applicant produces no evidence other than his testimony, an adverse credibility determination is alone sufficient to support the denial of an asylum application." *Id.* "If, however, the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." *Id.* "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Id.* However, an adverse credibility finding must go to the heart of the claim, and not be based on minor discrepancies, inconsistencies, and omissions. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3rd Cir. 2002); *Akinmade v. INS*, 196 F.3d 951, 954 (9th Cir. 1999). A single inconsistency may be sufficient to sustain an adverse credibility finding if the inconsistency is related to the alien's basis for her fear and goes to the heart of her asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001).

Our review of the record persuades us that substantial evidence supports the BIA's determination that the Petitioners were not credible. The BIA provided "specific, cogent reasons" for its credibility findings, notably, the inconsistencies between the application and testimony regarding why the application was not timely filed and who was detained following Feng's abortion. The conflict

7

regarding who was detained goes to the heart of the claim, as it undermines the sole incident of past persecution.

The scant documentary evidence submitted by the Petitioners does not compel the conclusion that Feng was forced to have an abortion or that they would be persecuted if returned to China. Therefore, the Petitioners have failed to establish past persecution or that it is more likely than not that they would face persecution or torture in China. Accordingly, we deny the petition on these grounds.

**PETITION DISMISSED IN PART; DENIED IN PART.**